No. 13082

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA, EX REL, THE
DEPARTMENT OF SOCIAL AND REHABILITATION
SERVICES,

Petitioner,

-vs-

ROSE COLE and SHARON VINGOM, Individually
and on behalf of all others similarly situated,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

Thomas H. Mahan argued, Helena, Montana

For Respondents:

James Dorr Johnson argued, Butte, Montana
Stephen L. Bunch argued, Helena, Montana

---

Submitted: July 16, 1975

Decided: JUL 21 1975

Filed: JUL 21 1975

*Thomas J. Kearney*
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an original proceeding in which petitioner sought an appropriate writ to review the proceedings in a case pending in the district court of Silver Bow County entitled: Rose Cole, et al., Plaintiffs v. Theodore Carkulis, Director, et al., Defendants, wherein a temporary restraining order was issued on the 30th day of June, 1975, which order restrained petitioner from implementing and operating certain emergency rules until further order of the court, and also provided that notice be given by the petitioner to all Medicaid providers and recipients that the Medicaid program would operate at pre-July 1, 1975 levels until the further order of the court.

Petitioner further alleged that the 1975 Legislature cut the amount of money requested by petitioner by the approximate sum of $1,600,000 for the biennium, and to meet such budgetary cut it would be necesssary to curtail some of the programs which would be of least harm to the welfare recipients. Further, that delay in the final resolution of this matter would cause a state-wide emergency of major proportions, and that since it was also alleged that no questions of fact need be determined, an expeditious consideration of the matter would be in the interests of justice and alleviate continued hardship which may be suffered by all recipients of welfare in this state.

Counsel was heard ex parte, the matter taken under advisement, and thereafter an order was issued calling for an adversary hearing and vacating the temporary restraining order of the district court until the further order of this Court. The adversary hearing was held, briefs filed, counsel heard in oral argument, and the matter submitted for decision.

It is not disputed that the 1975 Legislature reduced the amount of money requested by petitioner in the approximate

amount of $1,600,000 for the biennium and that it would be necessary to make adjustments so that the Department could live within its budget.

Following consultations with its advisory council, the Department of Health, Education and Welfare of the Federal Government, with persons in the medical field, and the experience of the Department and its staff, it was determined that it would be necessary to cut approximately $300,000 per month from its programs to stay within the budget.

To meet this situation the Department determined to curtail the medically needy program in Montana, as set forth in section 71-1516, R.C.M. 1947, under authority of section 71-1517, R.C.M. 1947. An emergency rule was adopted and steps taken to establish a regular rule. The Department felt that the emergency rule was necessary because it could not exceed 120 days in duration and it would give the Department an opportunity to complete the action necessary to establish a regular rule, without loss of funds. The hearing on the regular rule is set for August 15, 1975, at Helena, Montana, at which time all persons and groups affected can be heard and such evidence will be considered by the Department before final adoption of a regular rule.

Respondents contend the "emergency" claimed by the Department is not a legitimate basis for an emergency rule and this was the reason for the commencement of the action in the district court.

Amicus Curiae, Administrative Code Committee of the Montana Legislature, takes no position on the respective merits of the parties' positions herein, but requests this Court to establish precedents as guidelines under the Administrative Procedure Act. However, it does not appear that this original proceeding is a proper forum and being aware of the necessity for immediate action we decline to do so.

- 3 -

The statute dealing with an emergency rule is section 82-4204, R.C.M. 1947, which provides in subsection (2):

"(2) If an agency finds that an imminent peril to the public health, safety or welfare requires adoption of a rule upon fewer than twenty (20) days' notice and states in writing its reasons for that finding, it may proceed, without prior notice or hearing or upon any abbreviated notice and hearing that it finds practicable, to adopt an emergency rule. The rule may be effective for a period not longer than one hundred and twenty (120) days, but the adoption of an identical rule under subsections (1)(a) and (1)(b) of this section is not precluded. The sufficiency of the reasons for a finding of imminent peril to the public health, safety or welfare shall be subject to judicial review."

We have been favored with voluminous briefs and extensive arguments as to what is "an imminent peril to the public health, safety or welfare."

Upon review of the admitted facts, the statutory law, consideration of the briefs, and arguments of counsel, it is our holding that the circumstances existing here entitled the Department to enact an emergency rule.

It is therefore ORDERED that the temporary restraining order of the district court issued on June 30, 1975, which by this Court's order of July 7, 1975, was vacated until the further order of this Court, is now permanently vacated and set aside. Further, the district court is directed to dismiss the action.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justices.

- 4 -